FILED

2026 Jun-17  AM 09:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

JACOB SPENCER,

     **Plaintiff**,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

     **Defendant**.

**Case No. 5:26-cv-34-HDM**

## MEMORANDUM OPINION AND ORDER

This action is before the court on a Partial Motion to Dismiss by Defendant State Farm Fire and Casualty Company ("State Farm"). (Doc. 2). For the reasons explained herein, the motion is due to be **GRANTED**.

## BACKGROUND

The court accepts as true the following well-pleaded factual allegations from Plaintiff Jacob Spencer's Complaint. Spencer owns a single-family residence and three barns, all of which are insured under a policy with State Farm (the "Policy"). (Doc. 1-1, ¶ 3). The Policy, in part, obligates State Farm to repair or replace Spencer's roofs in the event of wind or hail damage and to repair any resulting interior water damage. *Id.*, ¶ 4. On May 2, 2025, Spencer noticed that the roof of the residence was leaking, so he filed a claim with State Farm, reporting the leak and

the resulting interior water damage. *Id.*, ¶¶ 6–7. State Farm sent an adjuster to Spencer's property, and the adjuster found hail damage to the residence and the three barns. *Id.*, ¶ 8. On that basis, State Farm agreed to provide roof coverage in the amount of $22,152.60 for the residence and $21,000.86 for one of the three barns located on the property. *Id.*, ¶ 9.

State Farm's estimate, however, used incorrect measurements for the relevant structures, resulting in a disparity between its offered coverage and the damage suffered by Spencer. *Id.* Spencer independently obtained an estimate for the roof replacements for the residence and barns and for the interior damage in the combined amount of $106,937.71, which he submitted to State Farm for approval. *Id.*, ¶ 10. State Farm has failed to pay Spencer that full amount. *Id.*, ¶ 14.

Spencer subsequently filed suit in the Circuit Court of Marshall County, (doc. 1-1), which action State Farm removed to this court, (doc. 1). On January 9, 2026, State Farm filed the pending Partial Motion to Dismiss. (Doc. 2). On January 12, 2026, the Court entered its Initial Order Governing All Further Proceedings. (Doc. 5). Pursuant to the Initial Order, Spencer was required to respond within fourteen days of the Motion, *id.* at 8, but he never did.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks omitted). Similarly, a formulaic recitation of the elements of a cause of action is inadequate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering the facts, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must merely allege enough facts to "raise a reasonable expectation that discovery will reveal evidence" of the necessary elements. *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). The pleading standard "requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal quotation marks omitted). At this stage, the issue is "not whether [the plaintiff] will ultimately prevail . . . but whether his complaint was sufficient to cross the federal court's threshold." *Id.* (internal quotation marks and citations omitted).

Furthermore, when a plaintiff alleges a fraud-based claim, his Complaint is subject to a heightened pleading standard. Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud . . . , a party must state with particularity the

3

circumstances constituting fraud." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b)'s particularity requirement is to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted). Thus, to comply with Rule 9(b), a "plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002).

## DISCUSSION

Spencer brings four counts against State Farm: (I) negligence, (II) breach of contract, (III) wantonness, and (IV) misrepresentation. (Doc. 1-1). State Farm moves to dismiss the first, third, and fourth counts. (Doc. 2).

State Farm's motion must be granted as to each of these three Counts. Spencer's negligence and wantonness claims must be dismissed because Alabama law does not recognize a cause of action for negligent or wanton claim handling. Spencer's misrepresentation claim likewise fails and must be dismissed because it is

4

impermissibly intertwined with his breach of contract claim and is not pleaded with the particularity required by Rule 9(b).[1]

## I.   Negligence and Wantonness

In Counts One and Three, Spencer attempts to assert claims for negligence and wantonness based on State Farm's handling of his claim for insurance benefits under the Policy.[2] (Doc. 1-1, ¶¶ 18–20, 28–31). Spencer alleges in Count One that State Farm "negligently allow[ed] or cause[d] unreasonable and/or

---

[1] State Farm also argues that the court may grant its Partial Motion to Dismiss because, by not filing a response, Spencer has abandoned his claims as to Counts I, III, and IV. (*See* Doc. 10). The Eleventh Circuit has explicitly addressed the abandonment of claims in response to a motion to dismiss:

> [A]t the motion to dismiss stage, the scope of a court's review must be limited to the four corners of the complaint. Accordingly, in considering the defendants' motion for judgment on the pleadings, the district court erred by going beyond the face of the complaint. [The plaintiff] did not abandon his due process and malicious prosecution claims by failing to adequately address them in his response brief.

*Boyd v. Peet,* 249 Fed. App'x 155, 157 (11th Cir. 2007) (per curiam) (internal citations omitted). Accordingly—although some district courts have relied on summary-judgment precedent to find abandonment of claims at the motion to dismiss stage, *see, e.g.*, *Prickett v. BAC Home Loans*, 946 F. Supp. 2d 1236, 1242 (N.D. Ala. 2013) (citing *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000), and *McMaster v. United States*, 177 F.3d 936, 940–41 (11th Cir. 1999))—"[a]t the motion to dismiss stage, a plaintiff does not abandon his claims by not responding to the defendants' arguments." *Logan v. Hughes*, No. 2:24-cv-1348, 2025 WL 2432204, at *9 n.9 (N.D. Ala. Aug. 22, 2025) (citing *Boyd*, 249 Fed. App'x at 157). The "appropriate inquiry at this stage of the litigation [is] whether the allegations of the complaint plausibly indicate that [the plaintiff] has a claim for relief," not whether the plaintiff responded to the defendant's arguments for dismissal. *Boyd*, 249 Fed. App'x at 157. The court, therefore, addresses Spencer's claims against State Farm, despite his failure to file a response brief.

[2] The court will analyze these claims under Alabama law because "[a] federal court sitting in diversity jurisdiction applies the substantive law of the forum state, which, in this case, is Alabama." *J & M Assocs., Inc. v. Romero*, 488 F. App'x 373, 376 (11th Cir. 2012) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938)).

misrepresentative assessments and/or estimates to be conducted on [his] residence." *Id.*, ¶ 19. Similarly, in Count Three, he alleges that the "basis for the assertion of wantonness is that State Farm blatantly ignored clear and convincing evidence of extensive damage to [his] property, while keeping all insurance premium monies obtained from [him]." *Id.*, ¶ 29.

The allegations of negligence and wantonness in Counts One and Three, being based on State Farm's handling of Spencer's claim, fail as a matter of law because the Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent . . . [or] wanton handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995). *See also U.S. Liab. Ins. Grp. v. Miller*, No. 5:08-cv-79, 2008 WL 11382029, at *2 (N.D. Ala. May 5, 2008) (holding that, in Alabama, "no claim for negligent or wanton handling of insurance company may lie against an insurance company."); *Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337 (Ala. 1993). Accordingly, Spencer's negligence and wantonness claims are due to be dismissed.

## II.    Misrepresentation

In Count IV, Spencer alleges that State Farm "intentionally and/or recklessly" misrepresented to him that it "would comply with the terms of the parties' contract, and act in good faith regarding any insurance claims submitted to State Farm by [Spencer], including conducting claim investigations in a thorough and reasonable

manner." (Doc. 1-1, ¶¶ 32–39). This claim is due to be dismissed both because it fails to allege fraud with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure and because it is unacceptably intertwined with and indistinct from his breach of contract claim.

### A. Failure to Plead with Particularity

Although Spencer does not use the word "fraud" in his Complaint, "[m]isrepresentation and suppression are . . . types of fraud which must be pled with particularity." *Fed. Home Loan Corp. v. Brooks*, No. 2:14-cv-262, 2014 WL 5410236, at *4 (N.D. Ala. Oct. 23, 2014). *See also* Ala. Code § 6-5-101 ("Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."); *Jenkins v. State Farm Fire & Cas. Co.*, No. 2:11-cv-350, 2011 WL 3359996, at *2 (M.D. Ala. Aug. 4, 2011) (citing *U.S. Diagnostic, Inc. v. Shelby Radiology, P.C.*, 793 So. 2d 714, 720–21 (Ala. 2000), *overruled on other grounds by Bruce v. Cole*, 854 So. 2d 47, 58 (Ala. 2003)) ("A claim of ordinary fraud is in fact a claim of fraudulent misrepresentation.").

Rule 9(b) requires that the circumstances of alleged fraud be stated "with particularity." Fed. R. Civ. P. 9(b). The Eleventh Circuit has interpreted "particularity" as requiring a plaintiff to "plead facts as to time, place, and substance

of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Clausen*, 290 F.3d at 1310 (internal quotation marks omitted). More specifically, a plaintiff making a fraud claim must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba*, 256 F.3d at 1202; *Berger v. Home Depot U.S.A., Inc.*, No. 1:24-cv-1435, 2026 WL 923619, at *5 (N.D. Ga. Mar. 31, 2026).

Here, Spencer's Complaint contains little information regarding State Farm's alleged fraudulent activity. His only factual allegation in support of his misrepresentation claim is that State Farm "represented to [him], at the signing of the contract, that State Farm would comply with the terms of the parties' contract, and act in good faith regarding any insurance claims submitted to State Farm by [him], including conducting claim investigations in a thorough and reasonable manner," and then failed to do so. (Doc. 1-1, ¶¶ 36, 38). There are no allegations stating with particularity where the representation was made, the identity of the individual who made the representation, the context in which it was made, or the manner in which it was made (*i.e.*, in writing or orally). Spencer's Complaint is

8

therefore insufficient as it does not contain the required particularity for claims involving fraud. *Clausen,* 290 F.3d at 1310.

## B. Intertwinement with Breach of Contract

Spencer's allegations of misrepresentation are also insufficiently distinct from his underlying breach of contract claim. Under Alabama law, "[a] mere breach of a contractual provision is not sufficient to support a charge of fraud." *Brown-Marx Assocs., Ltd. v. Emigrant Sav. Bank*, 703 F.2d 1361, 1370–71 (11th Cir. 1983) (citing *McAdory v. Jones*, 71 So. 2d 526, 528 (Ala. 1954)). Indeed, more broadly, the "failure to perform a contract obligation is not a tort." *C & C Prods., Inc. v. Premier Indus. Corp.*, 275 So. 2d 124, 130 (Ala. 1972). Thus, "to assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud." *Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 10–11 (Ala. 2004) (Houston, J., concurring) (emphasis omitted); *see also Muncher v. NCR Corp.*, No. 2:16-cv-782, 2017 WL 2774805, at *16–17 (N.D. Ala. June 27, 2017) (noting that although Justice Houston's concurrence in *Hunt* is non-binding, it is "in line with long-settled Alabama law"). In short, although the breach of contract may be considered, "other circumstances" must support the allegation of fraud. *21st Mortg. Corp. v. Robinson*, 429 So. 3d 381, 389 (Ala. 2024), *reh'g denied* (Apr. 11, 2025).

9

Here, Spencer's fraud claims, as pleaded, are fully intertwined with and indistinct from State Farm's alleged breach of contract. Spencer has not alleged any conduct "independent from the promises in the contract" to support claims grounded in both fraud and breach of contract. *Hunt Petroleum Corp.*, 901 So. 2d at 10–11. Specifically, he has not alleged sufficient conduct, independent from State Farm's alleged failure to perform its contractual obligations, to establish that State Farm intended to deceive him at the time the parties entered into the contract. *See P & S Bus., Inc. v. S. Cent. Bell Tel. Co.*, 466 So. 2d 928, 930 (Ala. 1985) (a failure to perform a promise "is not in itself evidence of intent to deceive at the time the promise was made."); *see also Killough v. Monkress*, No. 5:17-cv-247, 2018 WL 3641859, at *5–6 (N.D. Ala. Aug. 1, 2018) (dismissing fraud claim when plaintiff "failed to allege specific conduct, independent from [defendant's] purported . . . failure to perform its contractual obligations, to establish that [defendant] intended to deceive [plaintiff] at the time the agreement was made, or to show the existence of representations, other than [defendant's] contractual promises, capable of supporting an independent fraud claim"). Instead, Spencer's allegations are simply that State Farm failed to provide him with the claim damages to which he is entitled. (*See* Doc. 1-1, ¶¶ 32–39). Accordingly, Spencer's misrepresentation claim (Count Four), as pleaded, is due to be dismissed.

10

## CONCLUSION

For the reasons explained herein, State Farm's Partial Motion to Dismiss, (doc. 2), is **GRANTED**. Spencer's negligence (Count I) and wantonness (Count III) claims are **DISMISSED WITH PREJUDICE**. Spencer's misrepresentation claim (Count IV) is **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** on June 17, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE